UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATIONWIDE JUDGMENT
RECOVERY, INC.,**

        **Plaintiff,**

v.                                                  Case No: 6:21-mc-46-WWB-EJK

**ULNIE REME,**

        **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Subsequent Writ of Garnishment, After Judgment, and Memorandum of Law (the "Motion") (Doc. 27), filed September 14, 2023. (*Id.*) For the reasons set forth below, the Motion is due to be granted.

On March 9, 2021, Plaintiff registered a judgment against Defendant Ulnie Reme with this Court. (Doc. 1.) The judgment was originally entered in favor of Plaintiff's assignor[1] against Defendant on August 14, 2017, by the United States District Court for the Western District of North Carolina, Charlotte Division. (Doc. 1-1.) The judgment is in the amount of $9,636.89, which is comprised of $7,175.91 in damages plus $2,460.98 in prejudgment interest, as well as post-judgment interest. (*Id.*

---

[1] Nationwide Judgment Recovery, Inc. is an assignee of the Plaintiff Matthew E. Orso who is a court-appointed receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com. *See Orso v. Disner*, No. 3:14-cv-00091-GCM (W.D.N.C. Feb. 28, 2014).

at 3.) On August 13, 2021, pursuant to Plaintiff's motion (Doc. 2) this Court issued a Writ of Garnishment (the "Writ") against JPMorgan Chase Bank, N.A. (the "Garnishee") (hereinafter "Chase"). (Doc. 5.) On August 30, 2021, Chase filed its Answer to the Writ indicating that it had restrained $417.00 pursuant to the Writ. (Doc. 27 at 2.) On February 13, 2022, the Writ issued to Chase automatically dissolved since Plaintiff did not file a motion for dismissal or final judgment within six months of the Writ being issued, pursuant to Florida Statute § 77.07. (*Id*. at 3.) In the Motion, Plaintiff requests the issuance of a second writ of garnishment to Chase. (*Id*. at 6.) Attached to the Motion is a proposed writ. (Doc. 27-1.)

"A money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing a . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. "Every . . . entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment." Fla. Stat. § 77.01. Under Florida law, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04. "Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor." *Ainbinder v. Hingson*, No. 8:18-mc-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018); *accord Michael Grecco Prods., Inc. v. SofferSapp LLC*, No. 16-24966-CIV-COOKE/O'SULLIVAN, 2021 WL 3109971, at *2 (S.D. Fla. July 22, 2021).

Section 77.07 states in pertinent part "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall be automatically dissolved and the garnishee shall be discharged from further liability under the writ." Fla. Stat. § 77.07(5). In the Motion, Plaintiff does not argue or cite any authority that convinces the Court as to why Plaintiff should be issued a second writ of garnishment against Chase after Plaintiff's failed to timely move for dismissal or a final judgment. Nonetheless, a plaintiff may seek a subsequent writ where an original writ has been automatically dissolved pursuant to Fla. Stat. § 77.07(5). *See Nationwide Judgment Recovery, Inc. v. Morrow*, No. 8-21-mc-70-TPB-JSS,

2022 WL 476298, at *1 (M.D. Fla. Oct. 3, 2022) (citing *Akerman Senterfitt & Edison, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 87 (Fla. Dist. Ct. App. 2013)).

Since Chase had previously restrained $417.00 pursuant to the first Writ and Plaintiff has complied with Rule 69 and Florida law—the proposed second writ of garnishment contains all the necessary language under § 77.04—the Court finds that Plaintiff has demonstrated entitlement to the second writ.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 27) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writ of garnishment (Doc. 27-1).

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE