UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATIONWIDE JUDGMENT RECOVERY, INC.,**

      Plaintiff,

v.                                                   Case No: 6:21-mc-46-WWB-EJK

**ULNIE REME,**

      Defendant.

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Writ of Garnishment, After Judgment, and Memorandum of Law (the "Motion") (Doc. 28), filed October 13, 2023. (*Id.*) For the reasons set forth below, the Motion is due to be granted.

On March 9, 2021, Plaintiff registered a judgment against Defendant Ulnie Reme with this Court. (Doc. 1.) The judgment was originally entered in favor of Plaintiff's assignor[1] against Defendant on August 14, 2017, by the United States District Court for the Western District of North Carolina, Charlotte Division. (Doc. 1-1.) The judgment is in the amount of $9,636.89, which is comprised of $7,175.91 in damages plus $2,460.98 in prejudgment interest, as well as post-judgment interest. (*Id.*

---

[1] Nationwide Judgment Recovery, Inc. is an assignee of the Plaintiff Matthew E. Orso who is a court-appointed receiver for Rex Venture Group, LLC d/b/a ZeekRewards.com. *See Orso v. Disner*, No. 3:14-cv-00091-GCM (W.D.N.C. Feb. 28, 2014).

at 3.) In the Motion, Plaintiff requests the issuance of a writ of garnishment to Bank of America, N.A. (the "Garnishee"). (Doc. 28.) Attached to the Motion is a proposed writ. (Doc. 28-1.)

"A money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing a . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. "Every . . . entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment." Fla. Stat. § 77.01. Under Florida law, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a

business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04. "Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor." *Ainbinder v. Hingson*, No. 8:18-mc-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018); *accord Michael Grecco Prods., Inc. v. SofferSapp LLC*, No. 16-24966-CIV-COOKE/O'SULLIVAN, 2021 WL 3109971, at *2 (S.D. Fla. July 22, 2021).

Plaintiff asserts that it believes that "Garnishee is or may be indebted to Defendant or has tangible or intangible personal property of the Defendant in its hands, possession or control within the Middle District of Florida . . . sufficient to satisfy the judgment in whole or in part[.]" (Doc. 28 at 2.)  Plaintiff has complied with Rule 69 and Florida law—the proposed writ of garnishment contains all the necessary language under § 77.04. Thus, the Court finds that Plaintiff has demonstrated entitlement to the writ.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 28) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writ of garnishment (Doc. 28-1).

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE